IN THE UNITED STATES DISTRICT COURT

CENTRAL DIVISION, DISTRICT OF UTAH

| EDMUND T. CROWLEY, | : | Civil No. 2:10-cv-1096 |
|---|---|---|
| Plaintiff, | : | REPORT & RECOMMENDATION |
| vs. | : | |
| THE BANK OF NEW YORK MELLON CORPORATION FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATE HOLDERS, | : | JUDGE DEE BENSON |
| | | MAGISTRATE JUDGE BROOKE C. WELLS |
| Defendants. | | |

On February 25, 2011, plaintiff Edmund T. Crowley filed his "Motion For Preliminary Injunction" requesting that the Court enjoin defendants from proceeding with the foreclosure sale of his property as scheduled on March 10, 2011.[1] In support of his motion Mr. Crowley advances several arguments including claims that: the May 2010 substitution of trustee is invalid, defendants failed to properly publish the notice of sale and intent to foreclosure, and defendant Mortgage Electronic Registration Systems Inc. lacked authority to assign the note to the Bank of New York Mellon.[2]

A preliminary inunction is an extraordinary remedy that should only be granted where

---

[1] Document Number 20.

[2] Document Number 21; "Memorandum In Support Of Preliminary Injunction".

necessity is clearly established.[3]  In order to establish entitlement to a preliminary injunction, the moving party must show that "(1) [he or she] will suffer irreparable injury unless the injunction issues; (2) the threatened injury. . . outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood [of success] on the merits.[4]

Applying the preliminary injunction standard to this matter, the Court finds the issue to be moot.  Defendants have cancelled the foreclosure sale of Mr. Crowley's property that is the subject of this motion.[5]  Without a sale, Mr. Crowley is unable to establish the requisite imminent and irreparable harm necessary to provide the grounds for a preliminary injunction.

Accordingly, it is hereby recommended that plaintiff's motion for preliminary injunction be DENIED.

DATED this __4th__ day of March, 2011.

BY THE COURT:

_Brooke C. Wells_
Brooke C. Wells
United States Magistrate Judge

---

[3] Goldammer v. Fay. 326 F.2d 268, 270 (10th Cir. 1964).

[4] Schrier v. Univ. of Colo., 427 F.3d 1253, 1258 (10th Cir. 2005).

[5] Document Number 22; "Defendants' Memorandum In Opposition To Motion For Preliminary Injunction."

2